**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TIFFANY NICKS,**<br><br>Plaintiff,<br><br>v.<br><br>**DOLGENCORP, LLC d/b/a DOLLAR GENERAL,**<br><br>Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES Plaintiff, Tiffany Nicks, by and through her attorney, Prabhu Narhari, Esq., of Bulldog Law, and files this Complaint alleging as follows:

**I. Nature of the Action**

1. Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et se.* Plaintiff alleges she was refused employment on the basis of her disability.

**II. Jurisdiction and Venue**

2. This action arises under the ADA and the PHRA. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and venue is proper.

5. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding her allegations under the ADA and PHRA on January 23, 2026 under charge number 533-2026-01030. *See Exhibit 1*.

6. Plaintiff was mailed the Right to Sue letter on July 14, 2026, allowing action to be brought. *See Exhibit 2*.

## III. Parties

7. Plaintiff, Tiffany Nicks ("Plaintiff"), is an adult individual with a primary residence located at 507 8th Street, New Brighton, PA 15066.

8. Defendant, Dolgencorp, LLC d/b/a Dollar General ("Defendant") is a Kentucky business limited liability company with an office located at 100 Mission Ridge Dr., Goodlettsville, TN 37072.

## IV. Facts

9. Plaintiff, Tiffany Nicks, applied for a General Manager position with Defendant, Dolgencorp, LLC d/b/a Dollar General, in December 2025, for either its Monaca or Rochester location.

10. Plaintiff interviewed for the position and was informed by Defendant's representatives that she was a strong candidate and that they wanted to hire her to help "change the culture."

11. Plaintiff was informed that the next step in the hiring process would be onboarding through Human Resources.

12. During the application and interview process, Plaintiff disclosed, both verbally and in writing, that she has a permanent 10-pound lifting restriction due to degenerative disc disease, scoliosis, spinal stenosis, and arthritis.

13. Plaintiff has been subject to this restriction for years and has disclosed it to every employer.

14. Despite initially offering Plaintiff the position, Defendant subsequently rescinded the offer after stating that it would not accommodate Plaintiff's lifting restriction on or about January 5, 2026.

15. The rescission was communicated to Plaintiff by District Manager Jason Price via text message, and Plaintiff was informed that the reason for the rescission was that lifting was part of the job.

16. However, based upon Plaintiff's prior employment with Defendant and her firsthand observations, unloading trucks is not an essential function of the General Manager position.

17. General Managers typically supervise the unloading of trucks, assign unloading tasks to team members, and perform office and customer-service duties.

18. Defendant also utilizes equipment such as rollers and dollies, as well as team lifting, which would allow for a reasonable accommodation of Plaintiff's lifting restriction.

19. Defendant had previously hired Plaintiff on two occasions with the same lifting restriction and provided accommodations.

20. Defendant also continued the hiring process after learning of Plaintiff's disability, demonstrating that the restriction was not considered disqualifying until Human Resources refused to accommodate it.

21. Plaintiff waited for over a month after being verbally offered the position and was ultimately denied employment because of her disability.

22. Defendant did not engage in an interactive process with Plaintiff or consider reasonable accommodations that would have allowed Plaintiff to perform the essential functions of the General Manager.

## COUNT I
## Disability Discrimination in Violation of the ADA

23. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

24. At all times relevant hereto, Defendant was an employer within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

25. Plaintiff is an individual with a disability within the meaning of the ADA.

26. Plaintiff suffers from degenerative disc disease, scoliosis, spinal stenosis, and arthritis, which result in a permanent 10-pound lifting restriction.

27. Defendant knew of Plaintiff's disability and permanent lifting restriction because Plaintiff disclosed the restriction, both verbally and in writing, during the application and interview process.

28. Plaintiff was qualified for the General Manager position and was capable of performing the essential functions of the position with or without reasonable accommodation.

29. Defendant initially determined that Plaintiff was qualified for the General Manager position, informed Plaintiff that she was a strong candidate, and advised Plaintiff that it wanted to hire her to help "change the culture."

30. Defendant thereafter informed Plaintiff that the next step in the hiring process would be onboarding through Human Resources.

31. Defendant subsequently rescinded Plaintiff's offer of employment after stating that it would not accommodate Plaintiff's permanent lifting restriction.

32. Defendant informed Plaintiff that the reason for rescinding the offer was that lifting was part of the General Manager position.

33. Based upon Plaintiff's prior employment with Defendant and her firsthand observations, unloading trucks was not an essential function of the General Manager position.

34. General Managers typically supervised the unloading of trucks, assigned unloading tasks to other team members, and performed office and customer-service duties.

35. Defendant had previously employed Plaintiff on two separate occasions while Plaintiff was subject to the same permanent lifting restriction and had provided Plaintiff with accommodations for that restriction.

36. Defendant's decision to rescind Plaintiff's offer of employment was made because of Plaintiff's disability and/or her need for a reasonable accommodation.

37. Defendant thereby discriminated against Plaintiff on the basis of disability with respect to hiring and denied Plaintiff an employment opportunity in violation of the ADA, 42 U.S.C. § 12112.

38. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

**COUNT II**
**Disability Discrimination in Violation of the PHRA**

39. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

40. At all times relevant hereto, Defendant was an employer within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq.

41. Plaintiff is an individual protected from discrimination on the basis of handicap or disability under the PHRA.

42. Plaintiff was qualified for the General Manager position and was capable of performing the essential functions of the position with or without reasonable accommodation.

43. Defendant knew of Plaintiff's disability and permanent 10-pound lifting restriction.

44. Defendant initially determined that Plaintiff was qualified for the General Manager position, informed Plaintiff that she was a strong candidate, and advised Plaintiff that it wanted to hire her.

45. Defendant subsequently rescinded Plaintiff's offer of employment after stating that it would not accommodate Plaintiff's permanent lifting restriction.

46. Defendant's decision to rescind Plaintiff's offer was based upon Plaintiff's disability and/or her need for a reasonable accommodation.

47. Defendant had previously employed Plaintiff on two separate occasions with the same permanent lifting restriction and had accommodated that restriction.

48. Defendant thereby discriminated against Plaintiff because of her handicap or disability with respect to hiring in violation of Section 5(a) of the PHRA, 43 P.S. § 955(a).

49. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state law to be free from discrimination.

## COUNT III
## Failure to Accommodate in Violation of the ADA

50. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

51. At all times relevant hereto, Defendant was an employer within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

52. Plaintiff is an individual with a disability within the meaning of the ADA.

53. Defendant knew of Plaintiff's disability and her permanent 10-pound lifting restriction.

54. Plaintiff was otherwise qualified for the General Manager position and could perform the essential functions of that position with a reasonable accommodation.

55. Reasonable accommodations were available that would have permitted Plaintiff to perform the essential functions of the General Manager position.

56. Such accommodations included assigning unloading tasks to other team members, utilizing rollers or dollies, utilizing team lifting, and other reasonable modifications to the manner in which lifting tasks were performed.

57. Defendant had previously employed Plaintiff on two separate occasions while she was subject to the same permanent lifting restriction and had previously provided accommodations for that restriction.

58. Despite its knowledge of Plaintiff's disability and the availability of potential reasonable accommodations, Defendant refused to accommodate Plaintiff's lifting restriction.

59. Defendant failed to engage in a good-faith interactive process with Plaintiff to identify an effective reasonable accommodation that would permit Plaintiff to perform the essential functions of the General Manager position.

60. Rather than consider or provide a reasonable accommodation, Defendant rescinded Plaintiff's offer of employment because of her lifting restriction.

61. Defendant thereby failed to reasonably accommodate Plaintiff's known physical limitations and denied Plaintiff an employment opportunity based upon the need to provide a reasonable accommodation, in violation of the ADA, including 42 U.S.C. § 12112(b)(5).

62. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

**COUNT IV**
**Failure to Accommodate in Violation of the PHRA**

63. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

64. At all times relevant hereto, Defendant was an employer within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq.

65. Plaintiff is an individual protected from discrimination on the basis of handicap or disability under the PHRA.

66. Defendant knew of Plaintiff's disability and her permanent 10-pound lifting restriction.

67. Plaintiff was otherwise qualified for the General Manager position and could perform the essential functions of the position with a reasonable accommodation.

68. Reasonable accommodations were available that would have permitted Plaintiff to perform the essential functions of the General Manager position.

69. Such accommodations included assigning unloading tasks to other team members, utilizing rollers or dollies, utilizing team lifting, and other reasonable modifications to the manner in which lifting tasks were performed.

70. Defendant had previously employed Plaintiff on two separate occasions while she was subject to the same permanent lifting restriction and had previously provided accommodations for that restriction.

71. Despite its knowledge of Plaintiff's disability and the availability of potential reasonable accommodations, Defendant refused to accommodate Plaintiff's lifting restriction.

72. Defendant failed to engage in a good-faith interactive process with Plaintiff to identify an effective reasonable accommodation that would permit Plaintiff to perform the essential functions of the General Manager position.

73. Rather than consider or provide a reasonable accommodation, Defendant rescinded Plaintiff's offer of employment on January 5, 2026, because of her lifting restriction.

74. Defendant thereby failed to reasonably accommodate Plaintiff's known physical limitations and denied Plaintiff an employment opportunity because of her handicap or disability, in violation of Section 5(a) of the PHRA, 43 P.S. § 955(a).

75. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state law to be free from discrimination.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Tiffany Nicks, respectfully requests that this Court enter judgment in her favor, and against Defendant, Dolgencorp, LLC d/b/a Dollar General, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

/s/ Prabhu Narahari
Prabhu Narahari, Esq.
PA ID: 323895
**Manes & Narahari LLC**
One Oxford Centre
301 Grant Street, Ste 270
Pittsburgh, PA 15219
(412) 626-5588 Direct
(412) 650-4845 Fax
pn@manesnarahari.com

**VERIFICATION**

I, Tiffany Nicks, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Amended Complaint are true and correct to the best of my knowledge.

Tiffanny Nicks
____________________
Tiffany Nicks

**Signature:** Tiffany Nicks (Oct 6, 2026 14:14:50 EDT)

**Email:** dabears06062006@gmail.com

# Nicks Complaint

Final Audit Report 2026-10-06

| | |
|---|---|
| Created: | 2026-10-06 |
| By: | Grace Grace (ggrace@usebulldog.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAP1ULiTu26m1d_OTapINJj0iCOZJsQUHc |

## "Nicks Complaint" History

Document created by Grace Grace (ggrace@usebulldog.com)
2026-10-06 - 6:08:45 PM GMT

Document emailed to Tiffany Nicks (dabears06062006@gmail.com) for signature
2026-10-06 - 6:08:49 PM GMT

Email viewed by Tiffany Nicks (dabears06062006@gmail.com)
2026-10-06 - 6:13:44 PM GMT

Document e-signed by Tiffany Nicks (dabears06062006@gmail.com)
Signature Date: 2026-10-06 - 6:14:50 PM GMT - Time Source: server - Signature Appearance Selected: MOBILE_DRAW

Agreement completed.
2026-10-06 - 6:14:50 PM GMT